Thank you, Your Honor. Good morning, Your Honors, and may it please the court. I am Victor Haltom, counsel for Daniel Zhuk. I've been representing Mr. Zhuk for quite some time through direct appeal in state court and habeas proceedings up to this point. I would like to reserve two minutes for rebuttal. This court granted a certificate of appealability on the question of whether jurors, in this case, committed prejudicial misconduct that violated Mr. Zhuk's constitutional rights. The answer to that question is yes. And the way we get to that answer is by looking to the last reasoned decision of the California judiciary, which is a lengthy written opinion by the California Court of Appeal. Now, I raised multiple components of a juror misconduct argument on Mr. Zhuk's behalf. The California Court of Appeal found that misconduct occurred in one respect, and that was in respect to injection by a juror of extraneous legal expertise or opinion into the proceedings. A juror who was a legal secretary contradicted a question or, excuse me, an instruction from the court. The jurors had been deliberating for some time, asked the court, can we find Mr. Zhuk guilty of underlying or predicate felonies that apply to the felony murder rule and then not guilty of murder? The court's answer to that instruction was yes. However, the court also directed you to yes, but. And then look at these other instructions, one of which was the felony murder rule. So the California Court of Appeal says, well, when the jurors then go back into deliberations and juror number six says, hey, I'm a legal secretary and I know that that answer by the court of yes really means no. You guys, we all have to find, we have to find Mr. Zhuk guilty. She not only invoked her work as a legal secretary, but also her involvement, her knowledge of a family member's case that involved application of similar vicarious liability principles. And what is the case of the United States Supreme Court that leads you to the conclusion that the habeas should have been granted? That there's three of them, Your Honor, that I cite specifically, Turner versus Louisiana and Smith versus Phillips, both of which stand for the proposition and hold that a verdict must be based on the evidence introduced at trial and nothing else, such as extraneous information introduced by a juror. That's pretty wide. If we accepted your definition, it would open every jury determination. We all know from experience of being trial lawyers or trial judges of what goes on in a jury is very often problematic. But we're told to keep our nose out of it. Your definition of these cases indicates that we should be involved in every jury. We'd get to the place. We'd record the jury argument. What is the specific language of these cases that leads you to your conclusion? Well, there's also, Your Honor, the decision of the US Supreme Court in Sparf versus United States, which says that the jury must follow the law as laid down by the trial court. Well, that's true, counsel. I'm sorry to jump in, but I think the point Judge Wallace was trying to get at, and what I'd like to have the same question answered, is there are many times when there are cases where jurors maybe talk about things they shouldn't talk about. You can think of 12 angry men when Henry Fonda brings the knife into the jury room that he bought on the street corner. Shouldn't have done that as a juror. But that doesn't mean necessarily that the verdict would be reversed, especially under the AEDPA deference that we must apply at this stage. So what is the clear Supreme Court case that says what happened here not only mandates reversal, but demonstrates that the California courts really blew it on this one, really got it wrong, which is what we have to do at this stage under AEDPA? Well, this court does not have to find a US Supreme Court case that says we have these exact facts, which, I mean, every case has its own facts. So we have, and I forget the US Supreme Court case, but Justice Kennedy wrote it and said, we can apply logical extensions from our precedent to the facts of a case before us. And here, Your Honor, you have a California Court of Appeal decision finding that this was misconduct. And Estelle v. McGuire says this court in the AEDPA context does not revisit state law determinations. US Supreme Court precedent, as interpreted by this court over and over again, provides that once there is a finding of misconduct during jury deliberations, there is a strong presumption of prejudice. The Remmer case, Maddox, US Supreme Court precedent, have been interpreted by this court to give rise to a strong presumption of prejudice. So we have that finding of misconduct made by the California Supreme Court that is not to be revisited by this court under AEDPA. And we have US Supreme Court precedent saying that that misconduct is presumptively prejudicial. Here, the California Court of Appeal said, well, we don't find it reasonably probable that this misconduct by juror number six, the legal secretary, had an effect on the outcome. So my question is whether or not it had an effect. That is, whether or not there was any prejudice, assuming that it was misconduct, to bring in something outside the evidence in terms of her legal expertise. To have an effect on the outcome, you would have to say, would you not, and I think you did, that what she said was inconsistent with the judge's instructions. And that's where my problem is, because it seems to me that what she said was not really inconsistent with what the judge said. The judge said, yes, technically, you can find that he's not guilty of murder, but look at these instructions that say, really, basically, the opposite. Right, you have to apply the felony murder rule. That's what the attorney general argues, and that's what the California Court of Appeals said in saying, you should find no prejudice. But my answer to that is that the trial court expressly found in this case that there was a factual basis for the jury to determine that Mr. Zook, with respect to the homicide, was only an accomplice on an after-the-fact theory, an accomplice after the fact. And that's at supplemental excerpt of record 59 through 60. And California Supreme Court precedent, which I've cited in my briefing, including People v. Palladio, says, well, you can't apply the felony murder rule to a case where vicarious liability is based on an accomplice after-the-fact theory. So you've got the trial court stating, flat out, that there's a factual basis for only holding him on that after-the-fact theory. And you've got California Supreme Court precedent saying felony murder rule doesn't attach under that scenario. So I'd like to just quickly turn to the vote bartering, or count bartering, and the consideration of punishment. Because I believe that those two circumstances really add to the mix here in terms of prejudice. When you've got going again to the US Supreme Court decision in Spark v. United States, jurors must follow the law as laid down by the court. And in this case, the court expressly instructed the jury, you have to decide each count separately. The jurors did exactly the opposite of this. They engaged in what the California courts, in this case, have treated as admissible evidence, a vote bartering arrangement. And that is the opposite of deciding each count separately. That's why I cite the Fliess, the Heidi Fliess case, which, although unpublished, is exactly like this case. I attached it in the excerpts of record. And the court in Fliess said, that jury, first of all, the L.A. District Attorney's Office considered prosecuting, or investigating, the jurors involved in that case, and said the defendant in that case did not really even receive a trial. And then the Guzman case, the California Attorney General conceded when you've got a vote swapping or vote bartering arrangement, that is misconduct. Also, finally, the jury expressly considered penalty in this case. And under U.S. Supreme Court's decision in Shannon, that is improper and prejudicial. I see that I just have reserved the balance of my time. I think you're out of time. But we'll see. We may grant you a little bit, depending on what goes on in the government's heart. Thank you. Good morning. May it please the court, Justin Riley on behalf of the warden. First, even if the trial court said that there was a factual basis for the jury to find Petitioner guilty of the underlying felonies and not of a felony murder, and he didn't, the court of appeal overturned that decision by stating unequivocally that juror six in arguing to the fellow jurors that they could not find Petitioner here guilty of the underlying felonies and not guilty of the murder. The court of appeal found that statement to be correct in law and logic. That's binding. But what did the trial judge say that your adversary is relying on? The trial judge said yes. The jury said, can we find Petitioner guilty of the underlying felonies and not guilty of murder? The trial court simply said yes. But see these instructions. He referred the jury to the instructions, the elements of the offense of the underlying offenses, and also to the felony murder instructions. And that's all he said. The court of appeal, though, took a look at the entire record, and especially juror six's comments vis-a-vis juror three's synopsis of the comments, and said those statements of the law were not incorrect. Well, I guess this is my question. Your adversary has characterized what he said as saying that there is a factual basis for you to find that he is not guilty of murder. I'm sorry. Yeah, self-murder. I'm just wondering, do you disagree with that? I do. The words factual basis don't appear in the trial court's ruling at all. That's an interpretation, and in my humble opinion, the wrong interpretation. Be that as it may, even if the trial court did say something like that, and he didn't, the court of appeal overturned that by calling juror six's restatement of the law, if you will, correct in law and logic. This court must accept that statement of the law, the court of appeal being the last reasoned decision, and has no role on federal habeas in ensuring uniformity of decisions from, for example, Heidi Fleiss's unnoticed case or any other court of appeal opinion in California. Second, Petitioner attempts to amalgamate each of the allegations of juror misconduct into almost a cumulative juror misconduct error type claim. Even if he could present such a claim here, he cannot show it resulted in an unfair trial. Essentially, what Petitioner is arguing is that the jury should have been allowed to issue a 12-person referendum on the California's felony murder rule vis-a-vis a jury nullification. The judge gave the jury the power to do that, but a defendant doesn't have a right to that jury nullification. That would be extravagant protection under clearly established Supreme Court precedent. I'd love to answer any questions. Well, is it your position that there was no misconduct? I believe the California court of appeal found misconduct in the juror 6, telling the rest of the jury that she had expertise in some certain regard and that they should listen to her because of that. Okay. All right. Thank you very much, Counsel. I'll give you one minute. The factual basis about which the Court was inquiring is expressly set forth at the appellant's supplemental excerpts of record, pages 59 and 60, where it says,  where defense counsel was asking the court to give the jury an after-the-fact instruction. You know, don't convict my client as an aider and abetter. Just convict him as an accessory after the fact. The court expressly stated the following. Mr. Masuda, who was the defense counsel, has requested informally that the accomplice after the fact be given. And then the court went on and said, and it is a lesser-related, and there are facts that would support that as a lesser-related or lesser-alternative crime in some respects. So the court expressly found that there were facts. It was a question for the jury. And like I told the court, there's unequivocal California law that if somebody's only vicariously liable on accomplice after the fact, felony murder doesn't attach. So I respectfully submit it. Thank you very much, counsel. That matter is submitted. Next on calendar this morning.
judges: WALLACE, SCHROEDER, OWENS